UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. 06-004(HHK) |
| | : | |
| v. | : | |
| | : | |
| **ROBERT L. HALL, JR.** | : | |
| **ANTHONY RIVERA, and** | : | |
| **THOMAS ALSTON** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S MOTION IN LIMINE AND NOTICE OF INTENTION TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby moves in limine and submits this formal notice of intention to introduce evidence pursuant to Fed. R. Evid. 404(b). In support of its notice, the United States relies on the following points and authorities:

Introduction

The indictment in this case charges defendants Hall, Rivera and Alston with conspiracy, bank fraud, mail fraud, money laundering, and first degree fraud in connection with their alleged involvement in a scheme to defraud Sterling Trust Company of $90,000. From July 2002 to October 2003, the defendants conspired to enrich themselves by fraudulently obtaining monies from Sterling Trust and Matrix Capital Bank by means of false pretenses, representations, and promises. In order to achieve the goal of the conspiracy, defendant Hall solicited individuals to invest monies with First United Financial Group that were held in Individual Retirement Accounts, provided Sterling Trust with false information including, among other things, a copy of the Trinidad Project investment memorandum, tendered three $30,000 checks with insufficient funds to Sterling Trust, directed Sterling Trust to wire the funds to a bank account controlled by Rivera, and withdrew said funds

before Sterling Trust discovered that the checks issued by Hall had insufficient funds. The indictment alleges that Hall, Rivera and Alston conspired to commit bank and mail fraud (Count 1, conspiracy); the fraud was in connection with financial institutions (Counts 2 and 3, bank fraud); executed the fraud by placing items in the United States mail (Counts 4-6, mail fraud); involved monetary transactions with a financial institution in excess of $10,000 (Counts 7-9, money laundering) and resulted in losses of $89,940 (Count 10, fraud in the first degree).

404(b) Evidence[1]

From on or about January 2001 until on or about October 2003, Hall through First United Group, LLC, offered and sold securities titled "Asset Placement Agreements" in unregistered transactions to over a 150 investors in 18 states, including the District of Columbia. First United's principal securities offering was called the Trinidad Project, which purportedly involved residential real estate development in the Trinidad neighborhood of Washington, D.C. In connection with these offers and sales, Hall made misrepresentations and omissions of material fact to investors concerning, among other things, the use of investor funds, the expected returns, and the investment risks.

The government intends to introduce evidence in its case-in-chief that – using a similar modus operandi – Hall defrauded Sterling Trust Company out of approximately $90,000. Sterling Trust was a trustee for self-directed Individual Retirement Accounts and was responsible for transferring funds from IRA investors to First United Financial Group. Similar to the facts alleged in the indictment, Hall used First United and the Trinidad Project investment memorandum to persuade potential investors that he ran a legitimate enterprise and that it was an appropriate investment for IRA

---

[1] The government will provide complete discovery regarding the events summarized under Rule 404(b) evidence in the immediate future.

contributions. Also, as alleged in the indictment, Hall knew that the representations made in the First United Financial Group and Trinidad Project promotional materials were false and misleading. After all, First United was not a multi-million dollar DC based consulting firm and it had never invested in the Trinidad area of Washington, D.C. To conceal his fraudulent scheme and activities, Hall regularly and knowingly issued checks with insufficient funds to First United Financial Group investors and demonstrated a sophisticated understanding of banking practices. Like the facts charged in the indictment, Hall used the mails to distribute prospectuses, application forms, wiring instructions, checks and other documents to set-up the fraudulent scheme and wires to collect the ill-gotten gains.

If permitted by the Court, the government's proof at trial on this issue would be clear, succinct, and compartmentalized. In addition to introducing evidence and testimony relating to the facts charged in the indictment, the government may call one or more of Hall's co-conspirators and seek to introduce bank and business records.

This prior fraud – which is similar in design to defendant's thefts from Sterling Trust – bears directly on defendant's knowledge, intent, plan, and the absence of mistake or accident. A proper jury instruction will eliminate the danger of any unfair prejudice.

Basis for Admission of the Evidence

Rule 404(b) of the Federal Rules of Evidence governs the admission of other crimes, wrongs or acts of the defendant. It is well established that evidence of subsequent conduct may be admitted under Rule 404(b). See, e.g., United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, 501 U.S. 1234 (1991). To the extent that it is not intertwined with the charged offenses, evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for a

permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Id. (original emphasis). In determining whether such evidence is admissible, the Court undertakes a two part analysis. First, the Court considers whether the evidence is "probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). The federal rule is one of inclusion, not exclusion; the evidence may be offered for any purpose, so long as the evidence is not offered solely to prove character. See United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc); United States v. Johnson, 802 F.2d 1459 (D.C. Cir. 1986). If the Court deems the evidence to be relevant, the Court should exclude the evidence only if its probative value "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978); see also Huddleston v. United States, 485 U.S. 681, 686 (1988).

In close cases, the rule tilts toward the admission of the prior or subsequent misconduct evidence. See United States v. Johnson, 802 F.2d at 1463-64 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)). The D.C. Circuit has recognized that "Rule 404(b) evidence will often have . . . multiple utility, showing at once intent, knowledge, motive, preparation and the like." United States v. Crowder, 141 F.3d at 1208.

The 404(b) evidence summarized above is admissible to show defendant's knowledge, intent to defraud, plan, and absence of mistake or accident. Application of the legal principles surrounding

Rule 404(b) demonstrates that the offered evidence is probative of relevant issues and should be admitted. For these reasons, the government respectfully requests permission to introduce the foregoing evidence.

                                Respectfully submitted,

                                KENNETH L. WAINSTEIN
                                UNITED STATES ATTORNEY
                                D.C. BAR # 452886

By: _____
                                STEVEN J. DURHAM
                                JORDAN A. THOMAS [Bar #452886]
                                ASSISTANT UNITED STATES ATTORNEYS
                                555 Fourth Street, N.W.
                                Washington, D.C. 20530
                                (202) 551-4475