UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | Cr. # 06-004-01 (HHK) |
| ) | |
| ROBERT L. HALL, JR.   ) | |
| _____) | |

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
AND NOTICE OF INTENTION TO INTRODUCE EVIDENCE
PURSUANT TO FED. R. EVID 404(b)**

Defendant Robert L. Hall, Jr., through counsel, Elise Haldane, opposes the government's Motion in Limine and Notice of Intention to Introduce Evidence Pursuant to Fed. R. Evid. 404(b). As grounds for this opposition, the defendant states:

**Background**

In this case, the government has charged Mr. Hall and two codefendants with: conspiracy, 18 U.S.C. § 371 (Count One); bank fraud, 18 U.S.C. § 1344 (Counts 2 and 3); mail fraud, 18 U.S.C. § 1341 (Counts Four, Five and Six); and money laundering, 18 U.S.C. §1957 (Counts Seven, Eight and Nine); and first-degree fraud, 22 D.C. Code § 3211 (Count Ten). In essence, the government has alleged a check-kiting scam involving the defendants and financial institutions (primarily Sterling Trust Company and Matrix Capital Bank) and the total sum of $90,000. The seminal events occurred between September 2, 2002 and

1

September 10, 2002.

The government seeks to introduce, as 404(b) evidence, information regarding a Ponzi scam for which Mr. Hall has been convicted following a jury trial before this Court (<u>United States</u> v. <u>Robert L. Hall, Jr.</u>, 05-0030 (HHK). That scheme involved investments by over 150 individuals in "Asset Placement Agreements." The government charged, in the Ponzi scam case, that Mr. Hall made "misrepresentations and omissions of material fact to investors concerning, among other things, the use of investor funds, the expected returns, and investment risks." (Government Motion in Limine, p. 2).

The common factors in these cases are fraudulent misrepresentations and use of the mails. The defense submits that the government's use of this evidence would be solely to show that Mr. Hall is a thief with a propensity to committing fraud.

## **Argument**

"[A] concomitant of the presumption of innocence is that a defendant must be tried for what he did, not who he is." <u>United States</u> v. <u>Daniels</u>, 770 F. 2d 1111, 1116 (D.C. Cir. 1985), quoting <u>United States</u> v. <u>Myers</u>, 550 F.2d 1036, 1044 (5th Cir. 1977), cited in <u>United States</u> v. <u>Linares</u>, 367 F.3d 941 (D.C. Cir. 2004). Mr. Hall has been convicted to defrauding individual investors in a Ponzi scam which involved use of the mails and misrepresentations to those investors. The instant check-kiting case involves the issuance of checks on accounts with insufficient funds and alleged deception through use of the "float" period. In short, the

government seeks to introduce the evidence to show that Mr. Hall is a liar with fraudulent propensities. The alleged conspiracies are entirely different, notwithstanding the fact that Trinidad Project prospectus may appear in each case.

Fed. R. Evid. 404(b) specifically states that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The government seeks to introduce the evidence to show defendant's "knowledge, intent, plan, and the absence of mistake or accident." (Government's Motion in Limine, p. 3).

"Evidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent." Jankins v. TDC Management Corp., 21 F.3d 436, 441 (D.C. Cir. 1994); United States v. Foskey, 636 F.2d 517, 524 (D.C. Cir. 1980). Moreover, because of the serious risk of prejudice, the evidence must be necessary as well as clear and convincing. United States v. Shelton, 628 F.2d 54, 56 (D.C. Cir. 1989). The government has failed to demonstrate why it is necessaary to introduce a Ponzi scam into evidence to prove check kiting.

Even if the Court were to find the government's proposed evidence relevant, Fed. R. Evid. 403 provides for its exclusion if the possibility if the danger of unfair prejudice outweighs the probative value. *See* United States v. Foskey, 636 F.2d 517, 523 (D.C. Cir. 1980); United States v. James, 555 F.2d 992 (D.C. Cir. 1977) (exclusion required where

government introduced evidence that defendant was arrested in an apartment containing large quantities of heroin sixteen days after his arrest for sdistribution of heroin–second arrest inadmissible to prove intent).

WHEREFORE, for the foregoing reasons and such others as may be advanced at a hearing on this motion, the defense opposes the government's Motion in Limine.

Respectfully submitted,

_____/s/_____
Elise Haldane #242826
303 E Street NE
Washington, DC 20002
202/659-8700