UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. # 06-004-01 (HHK) |
| ) | |
| ROBERT L. HALL, JR. ) | |
| _____) | |

## MOTION IN LIMINE TO STRIKE SURPLUSAGE FROM INDICTMENT AND MEMORANDUM IN SUPPORT

Defendant Robert L. Hall, Jr., through counsel, Elise Haldane, respectfully moves this Court to strike inflammatory, irrelevant and prejudicial surplusage from the indictment in this case. As grounds for this Motion, defendant states:

### Factual Background

In this case, defendant Robert L. Hall, Jr. And his codefendants are charged with conspiracy to defraud banks by writing checks on bank accounts with insufficient funds, depositing the checks with Sterling Trust Company, directing Sterling Trust Company to wire the funds to other banks, and withdrawing the funds from the other banks before Sterling Trust found out that the original checks were drawn on accounts with insufficient funds. In short, the government has alleged that the defendants kited three checks totalling $90,000.

Robert Hall was the owner and operator of a company known as First United Financial Group (FUFG) and had established a company known as United Construction (UG). Checks were written on those companies' bank accounts during the course of the alleged conspiracy.

In the indictment, the government has included the following language regarding First United Financial Group and Mr. Hall:

"4. FUFG's stated business objective was to solicit money from individuals in order to invest that money in certain District of Columbia real estate ventures and promise these individuals a specific rate of monetary return. . . .

**6. As a result of defendant Hall's false representations and promises, many FUFG investors lost significant portions of their life savings.**" (emphasis added) (Indictment, page 2).

The indictment further alleges:

"11A In or about July, 2002, defendant Hall solicited individuals to invest monies with FUFG that individuals held in Individual Retirement Accounts (IRA). Defendant Hall would persuade potential investors to rollover their IRA monies into FUFG. **Defendant Hall would falsely tell FUFG investors that he was going to invest their IRA money in real estate in Washington, DC and would falsely promise specific rates of return.**" (emphasis added) (Indictment, page 3).

The highlighted language is extremely inflammatory, wholly irrelevant to the charges contained in the indictment. Information regarding the Ponzi scam for which Mr. Hall has been convicted (Cr. #05-30) and its effect on individuals has nothing to do with with the discrete behavior which is the basis for the charges in this indictment. Inclusion of such language in an indictment which would be seen by the jurors would prejudice Mr. Hall. See Government's Motion in Limine and Notice of Intention to Introduce Evidence Pursuant to Fed. R. Evid. 404(b). (Document 13-1) and the defendant's Opposition to the Motion (Document 25).

## Points and Authorities

Fed. R. Crim. P. 7(d) provides:

Upon the defendant's motion, the court may strike surplusage from the indictment or information.

In this Circuit, the standard for striking surplusage is exacting. "A motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998), citing 1 Charles Alan Wright, Federal Practice and Procedure §127, at 426 (1982). **See, also** United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C.Cir. 1980).

In United States v. Poindexter, 725 F. Supp. 13, 35 (D.D.C. 1989), the trial court exercised its wide discretion to strike language from the indictment which could indicate that the defendant was charged with offenses and conduct in addition to the offenses

actually listed in the indictment. The same type of language was stricken in United States v. Espy, 989 F. Supp. 17 (D.D.C. 1997). In United States v. Trie, 21 F. Supp. 2d 7 (D.D.C. 1998), the trial court struck language regarding objectives of scheme to defraud as irrelevant and prejudicial.

In this instance, the language to which the defendant objects is inflammatory in that it states that Mr. Hall was involved in criminal conduct not charged in the indictment. Information that individuals lost portions of their life savings or received false promises of rates of return is irrelevant to Mr. Hall's guilt or innocence in this check-kiting case.

WHEREFORE, for the foregoing reasons and such others as may become apparent at a hearing on this motion, the defendant respectfully moves this Court to strike surplusage from the indictment.

                                                                       Respectfully submitted,

                                                          _____/s/_____
                                                          Elise Haldane #242826
                                                          303 E Street NE
                                                          Washington, DC 20002
                                                          202/659-8700