UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : |
| **ROBERT L. HALL, JR.** | : Criminal No. 06-004-01, 02, 03 (HHK) |
| **ANTHONY RIVERA, &** | : |
| **THOMAS ALSTON** | : |
| | : |
| **Defendant** | : |

### GOVERNMENT'S MEMORANDUM CONCERNING DEFENDANT HALL'S PROPOSED GUILTY PLEA

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this memorandum concerning defendant's proposed guilty plea which is now set before the Court on September 26, 2006, at 12:00 p.m. Based on discussions with defense counsel, the government anticipates that Mr. Hall will attempt to enter an Alford[1] plea to some or all of the counts in the grand jury indictment. The government opposes the entry of an Alford plea in the case because it would be based on fraud.

Count one of the indictment charges defendants Hall and Rivera with conspiracy to commit bank fraud and mail fraud under 18 U.S.C. section 371. The indictment alleges that Hall and Rivera reached an agreement to commit these criminal offenses and then knowingly worked together to insure the success of the conspiracy. As set forth in the joint proposed jury instructions in this case, a conspiracy is a partnership in crime that requires the existence of an agreement and that each

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

defendant intentionally joined in that agreement. To be sure, the evidence at trial will prove that defendant Hall and defendant Rivera agreed to commit the crimes of bank and mail fraud and that both defendants intentionally joined in that agreement.

Through counsel, Mr. Hall has indicated that he will not agree to the allegations set forth in certain counts of the indictment including the conspiracy count. We anticipate that Mr. Hall will contend that he acted alone in perpetrating the bank and mail fraud and that he did not agree with either defendant Rivera or anyone else to commit these offenses. Defendant Hall – apparently understanding the overwhelming evidence against him – wants to enter a guilty plea but will only do so on terms dictated by him. Hall's motivation is transparent: admitting the facts set forth in count one of the indictment would require defendant Hall to inculpate his codefendant on the public record in open court. This is a situation that Hall – who is being held without bond at the D.C. Jail and who is facing a lengthy period of incarceration in the federal correctional system – clearly wants to avoid. Hall wants credit for pleading guilty while still trying to work a fraud upon the Court and subvert the trial of his codefendants.

The Court should have none of it. While it is true that the Court has discretion to accept an Alford plea where the defendant proclaims his innocence, it is inappropriate to do so in this situation. See United States v. Rashad, 396 F.3d 398, 402 (D.C. Cir. 2005) ("Apparently the district court believed that a defendant who maintains his innocence simply is not permitted to plead guilty, but that is not the law.") (citing Alford). In exercising its discretion, the Court can and should weigh whether defendant's version of events is completely truthful or rather, as here, that version of events is motivated by a desire to protect other guilty parties or avoid the perceived stigma of implicating other participants in criminal activity. See id. at 401 ("The district court is certainly not required to

accept every guilty plea that is tendered, let alone the guilty plea of every defendant who maintains his innocence."); United States v. Severino, 800 F.2d 42, 45-46 (2d Cir. 1986) (not abuse of discretion for district court to reject guilty plea where defendant was untruthful in describing events). This is especially true in crimes such as conspiracy where defendant's plea impacts more than just defendant Hall himself. See United States v. Navedo, 516 F.2d 293, 297-298 (2d Cir. 1975) (district court did not abuse discretion in refusing to accept guilty plea to charge of conspiracy to sell cocaine where defendant specifically disclaimed the requisite element of knowledge of existence of conspiracy and intent to participate in the unlawful enterprise and his answers to the court's inquiry left considerable doubt as to the elements of an agreement between two persons to accomplish an unlawful purpose).

    Accordingly, the Court should not accept defendant's proposed Alford plea under the circumstances present here.

    Respectfully submitted,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY
D.C. BAR # 451058

By: _____
STEVEN J. DURHAM
JORDAN THOMAS
ASSISTANT U.S. ATTORNEYS
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-8316