UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. # 06-004-01 (HHK) |
| ) | |
| ROBERT L. HALL, JR. ) | |
| _____) | |

**DEFENDANT'S MEMORANDUM REGARDING PLEA AND
REPLY TO GOVERNMENT'S MEMORANDUM CONCERNING
DEFENDANT HALL'S PROPOSED GUILTY PLEA**

Defendant Robert L. Hall, Jr., through counsel, Elise Haldane, respectfully submits the following Memorandum regarding a plea in this case. In addition, defendant replies to the government's memorandum regarding his plea:

1. At the plea proceeding now scheduled for Tuesday, September 26, 2006, Robert L. Hall, Jr. will seek to enter an <u>Alford</u>[1] plea to Conspiracy--the first count of the indictment, and a plea of guilty to each of the remaining counts of the indictment–Counts Two and Three (bank fraud); Counts Four through Six (mail fraud), Counts Seven through Nine (money laundering), and Count Ten (Fraud in the First Degree). In addition, the defendant will consent to forfeiture in an amount which represents the sum of $90,000 minus credit for monies repaid to Sterling Trust prior to the plea agreement.

---

[1] <u>North Carolina</u> v. <u>Alford</u>, 400 U.S. 25 (1970).

2. Defendant has prepared a Statement of Offense (attached), which tracks the government's indictment, and provides a factual basis for a finding of guilty to each count of the indictment.

3. Mr. Hall understands that if the Court accepts an <u>Alford</u> plea to the conspiracy count, the plea will have the same effect as a guilty plea. His wishes to accept responsibility for everything that he has done, and does not seek to make false statements about the conspiracy which the government has alleged. Since he is aware that the government has evidence sufficient to allow a jury to convict him on the conspiracy charge, he seeks to plea pursuant to <u>Alford</u> in order to resolve the problem. The net result of Mr. Hall's plea will be a guilty plea to every count of the indictment.

4. The defense is hard-pressed to understand why the government sees this resolution of the case as a fraud and an attempt to subvert the trial of his codefendants. A proceeding which results in guilty pleas to all counts hardly constitutes a fraud. The government's concerns about subversions of the trial of Mr. Rivera and Mr. Alston seem to be based upon tactical considerations which are not the concern for a defendant who is seeking to enter a plea to all counts.

5. Mr. Hall proposes to plead guilty to Counts Two through Ten, in which Mr. Hall is charged with Mr. Alston and Mr. Rivera. In a case involving a one defendant's plea of guilty to distribution of cocaine in which he was charged jointly, the Court of Appeals has held that the co-defendant's actions "are *external* to the offense and irrelevant to

establishing a factual basis for the plea." United States v. Washington, 969 F. 2d 1073, 1078 (D.C. Cir. 1992). The defense has provided a Statement of Offense in which Mr. Hall concedes facts sufficient to establish a basis for the pleas to each of the offenses.

5. With regard to the first count of conspiracy, Mr. Hall's position is that he is unable to admit that he conspired with Mr. Rivera. However, he is aware that a jury could find him guilty of conspiracy in light of the evidence known to the defense. Therefore, in the interests of resolving the entire case, he seeks to enter an Alford plea to that count.

6. The defense recognizes that acceptance of the guilty and Alford pleas lies within the court's "sound judicial discretion." Santobello v. New York, 404 U.S. 257, 260 (1971). In this Circuit, the prevailing law holds that "[a]lthough Rule 11 invests the District Court with discretion to refuse a guilty plea it is an abuse of discretion to refuse a guilty plea solely because the defendant does not admit to the alleged facts of the crime." United States v. Gaskins, 485 F.2d 1046, 1048 (D.C. Cir. 1973). See, also, United States v. Rashad, 396 F.2d 398 (D.C. Cir. 2005) (case reversed where trial court determined that the defendant was ineligible to plead guilty because he maintained his innocence on some counts).

7. In this instance, the defendant's desire to enter "straight-up" pleas of guilty to nine counts, and an Alford plea to one count represents a reasoned and sincere effort to resolve a case in which no plea bargain has been possible.

      Respectfully submitted,

_____/s/_____
Elise Haldane #242826
303 E Street NE
Washington, DC 20002
202/659-8700