UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. # 06-004-01 (HHK) |
| ) | |
| ROBERT L. HALL, JR. ) | |
| ) | |

## DEFENDANT ROBERT L. HALL, JR.'S STATEMENT OF OFFENSE[1]

1. Defendant ROBERT HALL owned and operated a company known as First United Financial Group (FUFG). FUFG's offices were located at 240 Parker Street, N.E., in the District of Columbia. Defendant Hall also established a company known as United Construction (UC).

2. Defendant ANTHONY RIVERA was an acquaintance of defendant HALL.

3. Defendant THOMAS ALSTON was an employee of FUFG.

FUFG and United Construction

4. FUFG's stated business objective **included** solicitation of money from individuals in order to invest that money in certain District of Columbia real estate ventures and **projection of** a specific rate of monetary return **to those individuals.**

5. Defendant HALL's title was the Chief Executive Officer (CEO) and Managing

---

[1] The statement of offense tracks the indictment filed in this case. Where charges have been dismissed against Thomas Alston, his name has been deleted. Changes from the indictment are highlighted in bold print.

Member of FUFG and **Chief Operating Officer** of UC. As such, HALL had **general** authority over all FUFG and UC bank accounts and business transactions.

6. **OMITTED.**

Sterling Trust Company and Matrix Capital Bank

7. Sterling Trust Company (Sterling Trust) was a financial institution whose principal place of business was Waco, Texas.

8. Matrix Capital Bank (Matrix) was a financial institution whose assets were insured by the Federal Deposit Insurance Corporation and whose principal place of business was Denver, Colorado.

THE CONSPIRACY[2]

9. From between in or about July, 2002 until in or about October, 2003, in the District of Columbia and elsewhere, defendants ROBERT HALL and ANTHONY RIVERA, and others known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, that is:

a. to commit the offense of bank fraud, in violation of Title 18, United States Code, Section 1344.

---

[2]Because Mr. Hall seeks to enter an Alford plea to the count of conspiracy, the government's allegations are repeated verbatim, with the exception of factual changes which do not affect the charge of conspiracy.

b. to commit the offense of mail fraud, in violation of Title 18, United States Code, Section 1341.

A Goal of the Conspiracy

10. A goal of the conspiracy was for the coconspirators ROBERT HALL and ANTHONY RIVERA to unlawfully enrich themselves by fraudulently obtaining $90,000 in monies from the Sterling Trust Company and Matrix Capital Bank by means of false pretenses, representations, and promises.

Manner and Means of the Conspiracy

11. In order to achieve the goal of the conspiracy, defendants ROBERT HALL and ANTHONY RIVERA used the following manner and means, among others:

A. In or about July , 2002, defendant HALL solicited individuals to invest monies with FUFG that individuals held in Individual Retirement Accounts (IRA). Defendant HALL **and others** to rollover their IRA monies into FUFG. **Sentence omitted.**

B. In or about July, 2002, defendant HALL **on behalf of FUFG** engaged Sterling Trust as a trustee for transfers of IRA monies from FUFG investor IRA accounts for FUFG. **Defendant HALL provided Sterling Trust with** information including, among other things, a copy of a real estate prospectus and the FUFG articles of incorporation.

C. On or about August 15, 2003, defendant HALL **caused a bank account to be opened** at United Bank for FUFG.

D.  On or about September 2, 2003, defendants HALL and ALSTON submitted to Sterling Trust a Traditional Individual Retirement Account Adoption Agreement.  In the Agreement, defendants HALL and ALSTON represented that ALSTON had $30,000 in a qualified employer retirement plan at UC.  In truth and in fact, defendant ALSTON had no IRA either at UC or FUFG.

F.[3]  On or about September 2, 2003, defendant HALL drew a check for $30,000 on UC's Bank of America account controlled by HALL and made the check payable to "Sterling Trust Company FBO Thomas Alston."  In truth and in fact, as defendants well knew, there were insufficient funds in the account to pay this check, and this account had a negative account balance in excess of $10,000.

G.  On or about September 2, 2003, defendant HALL submitted to Sterling Trust an Investor Direction and Certification Form directing Sterling Trust to transfer $30,000 from the IRA at Sterling Trust to FUFG.

H.  On or about September 2, 2003, defendants HALL and RIVERA submitted to Sterling Trust a Traditional Individual Retirement Account Adoption Agreement.  In the Agreement, defendants HALL and RIVERA represented that RIVERA had $30,000 in a qualified employer retirement plan at UC.  In truth and in fact, defendant RIVERA had no

---

[3]The original indictment does not contain an "E" section.

IRA at either UC or FUFG.

I. On or about September 2, 2003, defendant HALL drew a check for $30,000 on UC's Bank of America account controlled by HALL and made the check payable to "Sterling Trust Company FBO Anthony Rivera." In truth and in fact, as defendants well knew, there were insufficient funds in the account to pay this check, and this account had a negative account balance in excess of $10,000.

J. On or about September 2, 2003, defendants HALL and RIVERA caused to be submitted to Sterling Trust an Investor Direction and Certification Form directing Sterling Trust to transfer $30,000 from the IRA at Sterling Trust to FUFG.

K. On or about September 5, 2003, defendants HALL and RIVERA directed Sterling Trust to wire the funds to a bank account at the National Capital Bank in Washington, D.C., which was controlled by defendant RIVERA under the name of "Developers Incorporated."

L. On or about September 8, 2003, Sterling Trust's Bank, Matrix Bank, wired a total of $89,940 to defendant RIVERA's Developers Incorporated account at the National Capital Bank.

M. On or about September 9, 2003, defendant RIVERA negotiated a $20,000 check for cash on his Developers Incorporated account at The National Capital Bank.

N. On or about September 9, 2003, defendant RIVERA negotiated a check for

$67,572 on his Developers Incorporated account at The National Capital Bank and directed National Capital Bank to issue the following cashier's checks:

    (1)  three cashier's checks totaling $22,500 made payable to defendant RIVERA;

    (2)  three cashier's checks totaling $22,500 made payable to defendant HALL; and

    (3)  Three cashier's checks totaling $22,500 made payable to defendant ALSTON.

O. On or about September 9 and September 10, 2003, defendants HALL, RIVERA, and ALSTON, negotiated these cashier's checks for cash or deposit into other accounts controlled by them.

### Overt Acts

12. Within the District of Columbia and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, defendants ROBERT HALL and ANTHONY RIVERA and others known and unknown to the Grand Jury, committed the following overt acts, among others:

(1) On or about August 15, 2003, defendant HALL opened bank account number xxxx3433 at United Bank.

(2) On or about September 2, 2003, defendant ALSTON sent or caused to be sent to Sterling Trust by Federal Express delivery a Traditional Individual Retirement Custodial Adoption Agreement stating that ALSTON had $30,000 in a qualified retirement plan.

(3) On or about September 2, 2003, defendant RIVERA sent or caused to be sent to

Sterling Trust by Federal Express delivery a Traditional Individual Retirement Custodial Adoption Agreement stating that RIVERA had $30,000 in a qualified retirement plan.

(4) On or about September 2, 2003, defendant HALL drew and signed check number 6078 from Bank of America account number xxxxxxx2260 payable to "Sterling Trust Company FBO Thomas Alston" in the amount of $30,000.

(5) On or about September 2, 2003, defendant HALL drew and signed check number 6077 from Bank of America account number xxxxxxx2260 payable to "Sterling Trust Company FBO Anthony Rivera" in the amount of $30,000.

(6) On or about January 23, 2003, defendant RIVERA opened a bank account, account number xxxxxx2215, at The National Capital Bank in the name of Developers Incorporated.

(7) On or about September 5, 2003, defendant RIVERA directed Sterling Trust to wire the proceeds of the IRA funds held by Sterling Trust in his name to the Developers Incorporated bank account at the National Capital Bank.

(8) On or about September 5, 2003, defendants HALL and ALSTON directed Sterling Trust to wire the proceeds of the IRA funds held by Sterling Trust in his name to the Developers Incorporated bank account at the National Capital Bank.

(9) On or about September 9, 2003, defendant RIVERA drew check number 751 on The National Capital Bank acccount number xxxxxx2215 in the amount of $20,000 and

negotiated that check for cash.

(10) On or about September 9, 2003, defendant RIVERA drew check number 753 on The National Capital Bank account number xxxxxx2215 in the amount of $67,572.

(11) On or about September 10, 2003, defendant ALSTON opened an account at The National Capital Bank.

(12) On or about September 10, 2003, defendant ALSTON cashed National Capital Bank cashier's check number 65752 in the amount of $15,000 made payable to Thomas Alston.

(13) On or about September 9, 2003, defendant RIVERA cashed National Capital Bank cashier's check number 65746 in the amount of $15,000 made payable to Anthony Rivera through an ACE Cash Express account controlled by RIVERA.

(14) On or about September 10, 2003, defendant HALL negotiated National Capital Bank cashier's check number 65746 in the amount of $15,000 made payable to Robert Hall for cash.

**(Conspiracy, Aiding and Abetting, Causing an Act to be Done,
in violation of Title 18 United States Code, Sections 371 and 2)**

### COUNT TWO–BANK FRAUD

1. **Paragraphs one through five, seven through eight, eleven A-0 and twelve 1-14** are incorporated by reference **with the exception of any language indicating that ROBERT HALL acted together with ANTHONY RIVERA and/or THOMAS ALSTON.**

8

2. At all times material to this **statement of offense**, Matrix Bank was a financial institution whose assets were insured by the Federal Deposit Insurance Corporation.

3. From on or about July, 2002, until in or about October, 2003, in the District of Columbia and elsewhere **defendant** ROBERT HALL **(name omitted)** devised a scheme and artifice to defraud Matrix Bank and to obtain moneys and assets, owned by or under the custody or control of Matrix Bank, by means of false and fraudulent pretenses and representations.

**(Bank Fraud, Aiding and Abetting, Causing an Act to be Done,
in violation of title 18, United States Code, Sections 1344 and 2)**

### COUNT THREE – BANK FRAUD

**1. Paragraphs one through five, seven through eight , eleven A-O and twelve 1-14** are incorporated by reference, **with the exception of any language indicating that ROBERT HALL acted together with ANTHONY RIVERA and/or THOMAS ALSTON.**

2. At all times material to this **case**, the National Capital Bank was a financial institution whose assets were insured by the Federal Deposit Insurance Corporation.

3. From on or about July, 2002, until in or about October, 2003, in the District of Columbia and elsewhere **defendant** ROBERT HALL **(name omitted)** devised a scheme and artifice to defraud The National Capital Bank and to obtain moneys and assets, owned by or under the custody or control of The National Capital Bank, by means of false and fraudulent pretenses and representations.

**(Bank Fraud, Aiding and Abetting, Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 1344 and 2)**

### COUNTS FOUR THROUGH SIX – MAIL FRAUD

_____1. **Paragraphs one through five, seven through eight, eleven A-O and twelve 1-14** are incorporated by reference, **with the exception of any language indicating that ROBERT HALL acted together with ANTHONY RIVERA and/or THOMAS ALSTON.**

2. From between in or about July, 2002, until in or about October, 2003, in the District of Columbia and elsewhere, defendant ROBERT HALL **(names omitted)** did knowingly devise a scheme and artifice to defraud Sterling Trust and Matrix Bank of monies by means of false and fraudulent pretenses and representations, **(phrase omitted** ) and for the purpose of executing such scheme use an interstate commercial carrier and the United States mail.

3. On or about the dates set forth below, defendant ROBERT HALL, in the District of Columbia, for the purpose of **(phrase omitted)** artifice to defraud and deprive, did cause to be placed in the custody of a commercial interstate carrier or the United States Postal Service the following items:

| COUNT | DATE | MAIL MATTER | MAILED FROM | MAILED TO |
|---|---|---|---|---|
| FOUR | 9/2/03 | Federal Express package containing Investor Direction and Certification for Anthony Rivera in the amount of $30,000 | FUFG offices, 240 Parker Street, N.E. Washington, D.C. | Sterling Trust Company, Waco, Texas |
| FIVE | 9/2/03 | Federal Express package containing FUFG check number 6078 made Payable to "Sterling Trust Company FBO Thomas Alston" in the amount of $30,000 | FUFG offices, 240 Parker Street, NE Washington, D.C. | Sterling Trust Company, Waco, Texas |
| SIX | 9/3/03 | Welcome letter from Sterling Trust to defendant RIVERA sent by United mail | Sterling Trust Company, Waco, | Anthony Rivera Washington, D.C. |

**(Mail Fraud, Aiding and Abetting, Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1341 and 2)**

### COUNTS SEVEN THROUGH NINE – MONEY LAUNDERING

1. **Paragraphs 1-5, seven through eight, eleven A-O and twelve 1-14** are incorporated by reference, **with the exception of any language indicating that ROBERT HALL acted jointly with ANTHONY RIVERA.**

2. On or about the dates set forth below, in the District of Columbia, **defendant** ROBERT HALL **(names omitted)** did knowingly engage and attempt to engage in the monetary transactions set forth below by, through or to a financial institution, affecting interstate or foreign commercial, in criminally deprived property of a value greater than

11

$10,000, such property having been derived from a specified lawful activity, that is bank fraud:

| COUNT | DATE | TRANSACTION | AMOUNT |
|---|---|---|---|
| SEVEN | 9/10/03 | **Defendant HALL caused** defendant ALSTON **to cash** cashier's check number 65752 | $15,000 |
| EIGHT | 9/11/03 | **Defendant HALL caused** defendant RIVERA **to cash** cashier's check number 65748 | $15,000 |
| NINE | 9/11/03 | Defendant HALL cashed cashier's check number 65746 | $15,000 |

**(Money Laundering, Aiding and Abetting, Causing an Act to be Done, in violation of 18 United States Code, Sections 1957 and 2)**

### COUNT TEN – FRAUD IN THE FIRST DEGREE

**1.** Paragraphs one through five, seven through eight, eleven and twelve 1-14 are incorporated by reference, **with the exception of any language which would indicate that ROBERT HALL acted together with ANTHONY RIVERA and/or THOMAS ALSTON.**

2. From between in or about July, 2002, until in or about October, 2003, in a continuing course of conduct, in the District of Columbia, **defendant** ROBERT HALL **(names omitted)** engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of Sterling Trust for themselves by means of false or

12

fraudulent pretenses, representations, and promises, and thereby obtained property of a value of $250 or more belonging to Sterling Trust.

(Fraud in the First Degree, Aiding and Abetting, in violation of Title 22, District of Columbia Code, Sections 3221(a) and 3222(a)(1))

### FORFEITURE

Pursuant to 18 U.S.C.§ § 981, 982, 1956, 28 U.S.C. § 2461, and Fed. R. Crim. P. 32.2(b)(1), defendant HALL consents to forfeiture in the amount of ___TBD___.

_____
ROBERT L. HALL, JR.

Date: 9/26/06

_____
ELISE HALDANE
Attorney for Robert L. Hall, Jr.

Date: 9/26/06

13