AO 245B (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

FILED
DEC 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA
V.
ROBERT L. HALL, JR.

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 06 CR 004 - (01)

USM Number:

MARIE E. HALDANE, ESQ.
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1, 2,3,4,5,6,7,8,9 & 10 OF THE INDICTMENT

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 and 2 | CONSPIRACY, AIDING AND ABETTING, CAUSING AN ACT TO BE DONE | | 1 |
| 18 USC § 1344 and 2 | BANK FRAUD, AIDING AND ABETTING | | 2 & 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/7/2006
Date of Imposition of Judgment

[signature]
Signature of Judge

HENRY H. KENNEDY, JR.
Name of Judge

USDC JUDGE
Title of Judge

DECEMBER 29, 2006
Date

DEFENDANT: ROBERT L. HALL, JR.
CASE NUMBER: 06 CR 004 - (01)

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1341 and 2 | MAIL FRAUD, AIDING AND ABETTING, CAUSING AN ACT TO BE DONE | | 4 - 6 |
| 18 USC § 1957 and 2 | MONEY LAUNDERING, AIDING AND ABETTING | | 7 - 9 |
| 22 DCC § 3221 (a) and 3222(a)(1) | FRAUD IN THE FIRST DEGREE, AIDING AND ABETTING | | 10 |

DEFENDANT: ROBERT L. HALL, JR.
CASE NUMBER: 06 CR 004 - (01)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

30 MONTHS ON COUNTS (1 - 9)
12 MONTHS ON COUNT (10)
TERM OF IMPRISONMENT TO RUN CONCURRENT WITH SENTENCE IMPOSED IN 05 CR 30

☑ The court makes the following recommendations to the Bureau of Prisons:

THE COURT RECOMMENDS THAT DEFENDANT BE DESIGNATED TO A FACILITY IN OR AS CLOSE TO THE DISTRICT OF COLUMBIA AS POSSIBLE.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________, with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERT L. HALL, JR.
CASE NUMBER: 06 CR 004 - (01)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 YEARS ON EACH COUNT TO RUN CONCURRENTLY

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ROBERT L. HALL, JR.
CASE NUMBER: 06 CR 004 - (01)

## ADDITIONAL SUPERVISED RELEASE TERMS

THE DEFENDANT SHALL BE PROHIBITED FROM INCURRING NEW CREDIT CHARGES, OPENING ADDITIONAL LINES OF CREDIT, OR NEGOTIATING OR CONSUMMATING ANY FINANCIAL CONTRACTS WITHOUT THE APPROVAL OF THE PROBATION OFFICE.

THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICE WITH HIS INCOME TAX RETURNS, AUTHORIZATION FOR RELEASE OF CREDIT INFORMATION, AND ANY OTHER BUSINESS OR FINANCIAL INFORMATION IN WHICH HE HAS CONTROL OR INTEREST.

DEFENDANT: ROBERT L. HALL, JR.
CASE NUMBER: 06 CR 004 - (01)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 1000.00 | $ NO FINE | $ 53,500.00 |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.